IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHNNY SATURN § | |
| Plaintiff, § | |
| vs. § | No. 1:2020CV01176 |
| § | |
| AUSTIN BERGSTROM INTERNATIONAL § | |
| AIRPORT (A.B.I.A.), ET AL. § | |
| Defendants. § | |

**DEFENDANT, TARGET CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSE**

TO THE HONORABLE JAMES HOWLIN, UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant Target Corporation, hereinafter "Target", in the above-styled and numbered cause, and file this its Answer and Affirmative Defense; and in support thereof would show the following:

**I.**

**Parties**

1. Target lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2. The allegations of paragraph 2 are not directed to Target, and therefore no answer is required. To the extent a response is required, Target is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

**II.**

**Jurisdiction**

3. Target denies that Subject Matter Jurisdiction is proper in the Western District of Texas. Plaintiff Johnny Saturn, hereinafter "Saturn", alleges diversity jurisdiction in paragraph 3 of his Second Complaint. Plaintiff fails to meet the complete diversity requirement under 28 U.S. Code § 1332(a), as Plaintiff' shares citizenship in Texas with Defendants Austin Bergstrom International and The University of Texas, to name a few.

4. Target admits that it has transacted business in the State of Texas and the Western District of Texas. Target admits that its website can be accessed in the State of Texas and the Western District of Texas. Plaintiff alleges venue is proper under 28 U.S. Code § 1391(b)(2); stating a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Texas. Target lacks sufficient information regarding the specific nature of Plaintiff Johnny Saturn's allegations of Defamation, Invasion of Privacy, Conspiracy, False Light, and Libel occurred in the Western District of Texas, and Target cannot admit or deny if venue is proper, therefore Target denies.

### III.
### General Allegations

5. Target lacks sufficient information regarding the specific nature of Saturn's allegations of Defamation and Slander in paragraph 109, and therefore, on this basis, denies that Target participated in any actionable conduct that Saturn is entitled to any relief therefrom. To the extent any remaining allegations of paragraph 109 are directed at Target, they are denied. To the extent the allegations of paragraph 109 are directed to other defendants, Target lacks sufficient information to admit or deny the allegations and therefore denies them.

6. Target lacks sufficient information regarding the specific nature of Saturn's allegations of Defamation, Invasion of Privacy, Conspiracy, False Light, and Libel, and therefore, on this basis, denies that Target participated in any actionable conduct and that Saturn is entitled to any relief therefrom. To the extent any remaining allegations of paragraphs 5-120 are directed at Target, they are denied. To the extent the allegations of paragraph 5-120 are directed to other defendants, Target lacks sufficient information to admit or deny the allegations and therefore denies them.

### IV.
### Count 1: Defamation—Libel, Libel Per Se, Slander

7. Target incorporates its answers to paragraphs 1 through 6, as if set forth fully herein.

1300-041/Target – Ans & Aff Defense

8. Target lacks sufficient information regarding the specific nature of Saturn's allegations of Defamation, Libel, Libel Per Se, and Slander and therefore, on this basis, denies that Target participated in any actionable conduct and that Saturn is entitled to any relief therefrom. To the extent any remaining allegations of paragraphs 121-130 are directed at Target, they are denied. To the extent the allegations of paragraph 121-130 are directed to other defendants, Target lacks sufficient information to admit or deny the allegations and therefore denies them.

## V.

## Count 2: Invasion of Privacy—False Light & Conspiracy

9. Target incorporates its answers to paragraphs 1 through 9 as if set forth fully herein.

10. Target lacks sufficient information regarding the specific nature of Saturn's allegations of Invasion of Privacy, Conspiracy, and False Light, and therefore, on this basis, denies that Target participated in any actionable conduct and that Saturn is entitled to any relief therefrom. To the extent any remaining allegations of paragraphs 131-138 are directed at Target, they are denied. To the extent the allegations of paragraph 131-138 are directed to other defendants, Target lacks sufficient information to admit or deny the allegations and therefore denies them.

## VI.

## Prayer for Relief

11. Target denies that Saturn is entitled to any of the requested relief and denies any allegations in paragraphs 139 of its prayer for relief.

## VII.

## Defenses

12. Target alleges and asserts the following defenses. In addition to the defenses described below and subject to the responses above, Target specifically reserves all rights to allege affirmative defenses that become known through the course of this litigation.

13. Saturn's Complaint lacks subject-matter jurisdiction over the claims because Saturn shares citizenship with Austin Bergstrom Airport and The University of Texas, thereby failing to meet complete diversity under 28 U.S. Code § 1332(a).

14. Saturn's Complaints fails to state a claim upon which relief can be granted, including but not limited to, Saturn's Second Amended Complaint in that it fails to meet the standard for pleading set by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) and <u>Bell Atlantic Corp. v. Twombly</u> 550 U.S. 544 (2007), as argued in Target's 12(b)(6) Motion to Dismiss. *See* Dkt.5.

## VIII.

## Conclusion

WHEREFORE, premises considered, Defendant requests that upon final trial that Plaintiff takes nothing by way of his suit, and such other and further relief, at law or in equity, which Defendant is justly entitled to receive.

Respectfully Submitted,

**CLARK & CLARK**
*A Division of Clark Legal Services, PLLC*

*/s/ Deborah G. Clark*

By: _____

Deborah G. Clark
State Bar No. 04276550
deborah@clarkandclarklaw.com
3624 North Hills Drive, Suite 205-A
Austin, Texas 78731
(512) 241-1800 Telephone
(512) 241-1760 Fax
**ATTORNEYS FOR DEFENDANT,
TARGET CORPORATION**

1300-041/Target – Ans & Aff Defense

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January 2021, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| **First Class Mail &** <br> **CMRRR #7020 1810 0002 2342 3173** <br> Johnny Saturn <br> 701 West 28th Street, Apt. 513A <br> Austin, Texas 78705 <br> Phone: (512) 506-0695 <br> Email:   johnny.saturn6@gmail.com <br> **PLAINTIFF PRO SE** | Ruben Rodriguez Sr. <br> 4301 West William Canon Drive, Suite B150236 <br> Austin, Texas 78745 <br> Phone: (512) 707-7190 <br> Email:   rubenrodriguez@centraltexaslaw.com <br> **"LAWYER FRIEND FOR THE PLAINTIFF"** |

1300-041/Target – Ans & Aff Defense