## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHNNY SATURN,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | **NO. 1:20-cv-01176-LY-SH** |
| | § | |
| **INTEL CORPORATION** *et al.*, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

## DEFENDANT INTEL CORPORATION'S
## <u>MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)</u>

## I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Intel Corporation ("Intel") moves to dismiss Plaintiff Johnny Saturn's Second Amended Complaint, Dkt. 3, for failure to state a claim upon which relief can be granted.  In a rambling 76-page pleading, Mr. Saturn appears to allege that Intel and approximately 640 other defendants have defamed him and conspired to invade his privacy and prevent him from having his day in court.  His pleading marks the sixth complaint and second lawsuit he has filed seeking to revive the same issues and claims that this Court has already dismissed with prejudice as frivolous.  *See Saturn v. Austin Bergstrom Int'l Airport*, No. 1:20-cv-0442-LY (W.D. Tex. filed Apr. 24, 2020), Dkts. 1, 10, 14, 29, 33 ("*Saturn I*").  Mr. Saturn's Second Amended Complaint should likewise be dismissed with prejudice under the doctrine of res judicata and collaterally estopped because the claims and issues here are identical to the ones already considered and dismissed in *Saturn I*.

The Second Amended Complaint should also be dismissed under Rule 12(b)(6) because it fails to identify any acts or omissions committed by Intel that plausibly support any claims for defamation or a conspiracy to invade Mr. Saturn's privacy.  The Second Amended Complaint refers to Intel in two paragraphs and only in passing, alleging that:  (1) Intel allegedly rejected a job application that he had submitted; and (2) Intel allegedly "practic[ed] secret revenge" on him for recommending that an Intel building be demolished to build a federal courthouse in its place.  Even if taken as true, neither of these allegations supports a claim for defamation or conspiracy to invade Mr. Saturn's privacy or deprive him of an opportunity to be heard in court.

## II.     FACTUAL BACKGROUND

On April 24, 2020, Mr. Saturn filed a complaint against the Austin Bergstrom International Airport ("ABIA") alleging defamation and invasion of privacy on allegations that are word-for-word identical to those asserted here.  *Saturn I*, Dkt. 1.  For his defamation claim, he alleged that:

Defendant A[.]B.I.A. and re-published the false Statements of and concerning Plaintiff Saturn on the Internet by emails, twitters, and thru any else available internet wireless and wired communication, and other mediums, asserting and creating the false impression that, among other things, Plaintiff Saturn stalks women, is suicide, is cab driver, has seven lawsuits against him, had stalked Kristen Indiana Starbucks Arboretum Market, is any else deteriorated description as it was created by Starbucks Arboretum Market manager during her time of work during Summer, 2009.[1]

*Compare Saturn I*, Dkt. 1 ¶ 41 *with* Dkt. 3 in this case ("*Saturn II*") ¶ 122.  For the claim of conspiracy to deprive him of his day in court, Mr. Saturn alleged that:

Defendant A.B.I.A. did willfully conspire to deprive Plaintiff of his day in court and violated his civil rights in violation of 42 U.S.C. § 1985 by conspiring with the couple [names omitted] who were ex-home owners of my ex leased house by being promised to have the defendant as the tenant and lessee harassed by an intruder supplied with biochemical weapon, satellite sabotage and wireless WiFi, gps. tracking device and extra keys copies of ex-homeowners to intrude the house while Plaintiff Saturn would be sleeping.

*Compare Saturn 1*, Dkt. 1 ¶ 51 *with Saturn II*, Dkt. 3 ¶ 132.

After Mr. Saturn filed an application to waive the filing fee for his *Saturn I* Complaint and proceed *in forma pauperis* ("IFP"), *see Saturn I*, Dkt. 5, Magistrate Judge Hightower reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B).  *Saturn I*, Dkt. 7.  Section 1915(e)(2) allows a district court to summarily dismiss a complaint filed *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *Id*. at 2.  Magistrate Judge Hightower's Report and Recommendation found that "even [under] the most liberal construction, Plaintiff alleges implausible and clearly baseless claims against the Defendants.  Because Plaintiff has made only fanciful, fantastic, and delusional allegations, his Complaint should be dismissed as frivolous."  *Id*.  Mr. Saturn objected to the Report and Recommendation by attempting to pay the

---

[1] Unless otherwise noted, all spelling and grammatical errors cited from Plaintiff's pleadings and motions are original to those documents.

filing fee for the complaint. *Saturn I*, Dkt. 9. But over his objections, the Court adopted the Report and Recommendation on May 18, 2020, and entered final judgment dismissing the *Saturn I* complaint with prejudice pursuant to Section 1915(e)(2). *See Saturn I*, Dkts. 9, 10, 11.

Despite that dismissal, Mr. Saturn continued to file a flurry of motions and three amended complaints that were repeatedly stricken by the Court. On June 8, 2020, the Court denied his motion to amend the May 18, 2020, order, and struck an amended complaint that was filed in the interim. *Saturn I*, Dkts. 13–17. On September 14, 2020, the Court struck a refiled amended complaint (identical to the already-stricken amended complaint) and denied a motion for default judgment against ABIA. *Saturn I*, Dkt. 24. Finally, on December 15, 2020, the Court struck a Third Amended Complaint and denied a second motion for default judgement. *Saturn I*, Dkt. 33.

This action, *Saturn II*, is a continuation of the defamation and invasion of privacy claims alleged in *Saturn I*. In the original Complaint filed on November 30, 2020, Mr. Saturn added allegations against an additional 640 defendants, including Intel. *See* Dkt. 1. He filed his Second Amended Complaint the next day, December 1, 2020. Dkt. 3. Mr. Saturn did not pay a filing fee, however, and the Court ordered him to pay the filing fee or complete an application to proceed *in forma pauperis* by February 22, 2020. Dkt. 4. Defendant Target filed a motion to dismiss pursuant to Rule 12(b)(6) on January 26, 2020, Dkt. 6, and that motion is pending.

In the entire 76-page Second Amended Complaint, Mr. Saturn attributes only two alleged acts to Intel. First, he alleges that one defendant, Mohammed Tizani, hired another co-defendant, Bassel Tizani, at "Intel Corps. Folsom Ca. in 1992" even though Bassel Tizani had "only two ESOL classes," and that "Bassel Tizani … made more than two million dollar[s] from Intel Corps. [w]ith his very low qualifications." Dkt. 3 ¶ 57. Mr. Saturn alleges that when he "applied to Intel Co[rps.] [o]n [his] own here in Austin Tx.[,] [Intel] either denied answering [his] job application

or [it] had cancel[led] the job in which [he] had applied for in Intel Folsom Ca." *Id.*  Second, Mr. Saturn alleges that Intel "has been practicing secret revenge" on him for "recommending from the FBI to lobby to demolish the EX. Concrete Intel Corp. building which was on its concrete bone for many years since at least late 1990's, and to build Federal Court in its place since Austin Tx. didn't have this special type of U.S. Federal Court." *Id.* ¶ 98.

Mr. Saturn also alleges in Count I that ABIA and unspecified "co-defendants" defamed him by allegedly publishing "false statements without authorization or consent" and alleging that he "stalks women, is suicid[al], is [a] cab driver, has seven lawsuits against him, [and] had stalked Kristen Indiana Starbucks Arboretum Market ...." *Id.* ¶¶ 122, 126.  Under Count II, Mr. Saturn alleges a conspiracy to invade his privacy and deprive him of the opportunity to be heard in court pursuant to 42 U.S.C. § 1985(2).  More specifically, he alleges that ABIA and unspecified "co-defendants" allegedly had "an intruder supplied with biochemical weapon, satellite sabotage and wireless WiFi. gps. tracking device and extra keys copies of ex-homeowners … intrude the house while Plaintiff Saturn [was] sleeping." *Id.* ¶ 132.  Neither cause of action identifies any acts by Intel.  Mr. Saturn also seeks an injunction, actual damages of "999 Sextillion dollar[s]," punitive damages of "999 Decillion dollar[s]," interest, and costs. *Id.* ¶ 139.

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more

than a "sheer possibility" that a defendant has acted unlawfully. *Id.* In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993). But a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## IV.   ARGUMENT

Mr. Saturn's Second Amended Complaint is filled with innuendo, speculation, and largely unintelligible statements alleging that numerous individuals, corporations, government entities, airports, hotels, embassies, and military groups have conspired to defame and harass him. None of those allegations has any apparent factual basis or legal foundation. This Court has repeatedly dismissed the same allegations in *Saturn I* and should do the same here because Mr. Saturn's claims are barred by the Court's prior decisions and because they fall far short of the applicable pleading requirements of the Federal Rules.

### A.  Mr. Saturn's Claims Are Barred by Res Judicata and Collateral Estoppel

Mr. Saturn's defamation and conspiracy claims are barred by the doctrines of res judicata and collateral estoppel. "[R]es judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016). "True res judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit, while collateral estoppel precludes relitigation of only those issues actually litigated in the original action, whether or not the second suit is based on the same cause of action." *Id.* (quotations and citations omitted). Dismissal under Rule 12(b)(6) is appropriate when the elements of res judicata are apparent on the face of the pleadings. *Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010).

Res judicata bars the relitigation of claims already decided on the merits by a court with proper jurisdiction in a prior proceeding. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Here, Mr. Saturn's claims are barred by res judicata because he has brought the same defamation and conspiracy claims against ABIA, Intel, and other defendants in *Saturn II* that had previously been brought *or could have been brought* in *Saturn I*. By adding additional defendants to *Saturn II*, Mr. Saturn expands the scope of the supposed conspiracy, but the same fundamental claims have already been dismissed with prejudice in *Saturn I.*

Mr. Saturn's Second Amended Complaint is also collaterally estopped. For collateral estoppel, a party must show that the issues are (1) identical to the ones in the prior litigation; (2) have actually been litigated in the prior litigation; and (3) the determination of the issues in the prior litigation were a critical and necessary part of the earlier judgment. *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009). "The parties to the suits need not be completely identical, so long as the party against whom estoppel applies had the full and fair opportunity to litigate the issue in the previous lawsuit." *Id.*

While Mr. Saturn has added hundreds of additional defendants to *Saturn II*, none of the allegations, including against Intel, alter the fact that his two lawsuits are based on the same nucleus of alleged facts and the same defamation and conspiracy allegations. *Compare Saturn I*, Dkt. 1 ¶¶ 40–49 & ¶¶ 50–57, *with Saturn II*, Dkt. 3 ¶¶ 121–30 & ¶¶ 131–139. Collateral estoppel is designed to prevent a plaintiff from relitigating identical issues by "merely 'switching adversaries,'" as Mr. Saturn has done here. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979). Mr. Saturn cannot legitimately deny he had a full opportunity to be heard on these issues when he filed multiple complaints that were successively dismissed or stricken as frivolous by this Court. The Second Amended Complaint is thus precluded and should be dismissed.

*Saturn II* should also be dismissed because it is a duplicative continuation of *Saturn I,* an IFP proceeding that has already been dismissed with prejudice.  *Saturn I*, Dkt. 10.  In *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988), the Fifth Circuit affirmed a district court's dismissal of an IFP case as duplicative of a prior litigation because the complaint "repeat[ed] the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."  *See also Robinson v. Woodfork*, No. 86–3735 (5th Cir. May 22, 1987) (unpublished order) (dismissing IFP appeal because "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious").  The Court should similarly dismiss Mr. Saturn's allegations here as duplicative and frivolous.

### B.  Mr. Saturn Fails to State a Plausible Claim Against Intel

The Second Amended Complaint should also be dismissed because it alleges no actionable acts that can plausibly be attributed to Intel.  Instead, Mr. Saturn has violated Rule 8(a) by employing impermissible "group pleading" and failing to make any distinctions among the approximately 640 defendants he has accused.  *See, e.g.*, *Del Castillo v. PMI Holdings N. Am. Inc*, No. 14-CV-03435, 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016).  Under *Iqbal/Twombly*, he has not provided sufficient notice or alleged plausible facts that show Intel engaged in any defamatory actions or conspiracies to interfere with his right to a court proceeding.

#### 1.  Mr. Saturn Fails to State a Claim That Intel Defamed Him

Count 1 fails to state a claim that Intel perpetuated "false statements" defaming Mr. Saturn. *Saturn II*, Dkt. 3 ¶¶ 121–130.  Under Texas law,[2] defamation requires:  (1) the defendant published a false statement; (2) defaming the plaintiff; (3) with the requisite degree of fault regarding the

---

[2] Mr. Saturn alleges a claim for defamation under 28 U.S.C. § 4101, but this statute applies to foreign judgments and is inapplicable to this case.  Intel thus assumes Mr. Saturn is asserting a state law defamation claim arising under Texas law.

statement's truth; and (4) caused damages. *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017). The statement must be published to a third party who is capable of understanding, and in fact did understand, its defamatory meaning. *Thomas-Smith v. Mackin*, 238 S.W.3d 503, 507 (Tex. App.— Houston [14th Dist.] 2007, no pet.). As a private individual, Mr. Saturn must also show that Intel knew or should have known the statement was false and acted negligently in publishing the defamatory statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

Here, Mr. Saturn makes no specific allegations that Intel defamed him. Rather, he alleges that ABIA and unspecified "co-defendants" published false statements that he stalks women, is suicidal, is a cab driver, and has seven lawsuits against him. *Saturn II*, Dkt. 3 ¶¶ 122, 126. The complaint further alleges, upon information and belief, that these statements were read by visitors of the Internet throughout Texas, the Austin Metropolitan area, Georgia, Quebec, Montreal, and Canada more generally. *Id.* ¶ 128. Mr. Saturn does not, however, point to any publication of these alleged statements that is attributable to Intel. Nor does he plead sufficient facts to allege that Intel engaged in any negligent publication or published any alleged false statements to third parties capable of understanding the defamatory statement. Because no defamation claim involving Intel is substantively plausible, the Court should dismiss Count I of the Second Amended Complaint.

### 2. Mr. Saturn Fails to State a Claim that Intel Conspired to Interfere with His Civil Rights Pursuant to 42 U.S.C. § 1985(2)

Count II fails to state a claim against Intel for alleged "invasion of privacy" and/or a conspiracy to deprive Mr. Saturn of a day in court pursuant to 42 U.S.C. § 1985(2).[3] Section 1985(2) is a Reconstruction era statute intended to curtail the activities of the Ku Klux Klan by

---

[3] To the extent Count II re-alleges the same defamation claims as Count I, including that ABIA and unspecified co-defendants made statements placing Mr. Saturn in a "false light," *see Saturn II*, Dkt. 3 ¶¶ 133–138, he has failed to state a claim as discussed in Section B.1 above.

"insulat[ing] witnesses, parties and grand or petit jurors from conspiracies to pressure or intimidate them in the performance of their duties." *Nealy v. Hamilton*, 837 F.2d 210, 212 (5th Cir. 1988) (citations omitted). Plaintiffs seeking to recover under Section 1985(2) must allege "a nexus between the alleged conspiracy and a proceeding in federal court." *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. 1981). They must further assert that they were injured on account of having attended or testified in federal court. *Kimble v. D. J. McDuffy, Inc.*, 648 F.2d 340, 348 (5th Cir. 1981) (en banc).

Here, Mr. Saturn alleges that ABIA and unspecified co-defendants conspired to deprive him of his day in court by having him "harassed by an intruder supplied with biochemical weapon, satellite sabotage and wireless WiFi. gps. tracking device and extra keys copies of ex-homeowners to intrude the house while Plaintiff Saturn would be sleeping." Dkt. 3 ¶ 132. Not only has Mr. Saturn alleged no facts that implicate Intel in any alleged conspiracy, but he has not alleged any trial or hearing from which anyone intimidated a witness or in any way deprived him of a day in court. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573 (Tex. 2001) (holding that civil conspiracy involves combination of two or more persons acting with unlawful purpose or with lawful purpose but through unlawful means). Even assuming that the allegations regarding interruption of his sleep are true, he has not linked them to interference with any proceeding in federal court. Nor has Mr. Saturn alleged he was injured as a result of having attended or testified in a court proceeding. *See Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 758 (5th Cir. 1987). The Court should therefore dismiss Count II.

## V.     CONCLUSION

Mr. Saturn's Second Amended Complaint against Intel should be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated:  February 19, 2021                    Respectfully submitted,

                                             /s/ Janice L. Ta
                                             Janice L. Ta (Texas 24075138)
                                             JTa@perkinscoie.com
                                             PERKINS COIE LLP
                                             500 West Second St., Suite 1900
                                             Austin, TX 78701

                                             ATTORNEY FOR DEFENDANT
                                             INTEL CORPORATION


### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 19, 2021, all counsel and parties of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.


                                             /s/ Janice L. Ta
                                             Janice L. Ta