UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHNNY SATURN | § | |
| | § | |
| VS. | § | NO. 1:2020CV01176LY |
| | § | |
| AUSTIN BERGSTROM | § | |
| INTERNATIONA AIRPORT | § | |
| (A.B.I.A.), ET AL | § | |

**<u>DEFENDANT H-E-B, LP'S RULE 12(b)(6) MOTION TO DISMISS</u>**

TO THE HONORABLE LEE YEAKEL, UNITED STATES DISTRICT JUDGE:

COMES NOW, H-E-B, LP, Defendant, and improperly sued as HEB, ("HEB" herein) in the above-styled and numbered cause, and moves this court to dismiss the Plaintiff's Second Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**I.**

**Summary of Argument**

Plaintiff's Second Amended Complaint should be dismissed for its failure to state a claim. Specifically, Plaintiff's Second Amended Complaint never refers to HEB on any page of its 76-page Second Amended Complaint.  Plaintiff does not identify any particular acts or omissions committed by Defendant HEB, much less explain the specific conduct at issue and how Defendant HEB allegedly participated in any such conduct. The Second Amended Complaint refers to claims of Defamation, Invasion of Privacy, Conspiracy, False Light, and Libel, but again, merely recites these claims with no factual

support and no connection with any conduct, act or omission allegedly committed by HEB.

The entire Second Amended Complaint includes conclusions, unsupported and incomprehensible statements with no factual support nor legal basis and with no specific allegations regarding HEB.

These allegations fall far short of the applicable pleading requirements of the Federal Rules, and the Court should dismiss plaintiffs' claims under Rule 12(b)(6).

## II.

### Requirements for Pleading Pursuant to Rule 8(a)

Rule 12(b)(6) allows dismissal of a plaintiff's claim where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Federal Rules of Civil Procedure 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief, 'in order to' give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. Rule Civ. Pro. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly,* 550 U.S. at 556). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'

nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). When pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. *Id*. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint **must be dismissed**." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 556 U.S. at 678 (noting that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

Plaintiff violated Rule 8(a) by employing "group pleading," by failing to make necessary distinctions among defendants, and by failing to include sufficient factual allegations that Defendant HEB participated in any actionable conduct. There is no notice to HEB of the alleged claim or grounds on which it rests.

### III.

### The Complaint is Deficient

**a. Count 1: Defamation—Libel, Libel Per Se, Slander**

Plaintiff alleges in Count 1 that Defendants made "false statements" of Plaintiff to defame him, pursuant to 28 U.S. Code § 4101 (1).[1] Defamation under Texas law means "the invasion of a person's interest in her reputation and good name." *Hancock v. Variyam*, 400 S.W.3d 59, 63 (Tex. 2013). To prove a successful defamation claim, the

---

[1] Chapter 181 is related to Foreign Judgements; therefore, Plaintiff has not provided Defendants the appropriate statute to support his complaint.

plaintiff must show the following: (1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the statement's truth; and (4) damages, unless the statement constitutes defamation per se. *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017). Further, to support a claim for defamation, Plaintiff must show that the false statement was actually published to a third party; a statement is published when it is communicated to a third party who is capable of understanding its defamatory meaning and moreover in such a way that the person did, in fact, understand its defamatory meaning. *Thomas-Smith v. Mackin*, 238 S.W.3d 503, 507 (Tex. App.—Houston [14th Dist.] 2007, no pet.). A statement is defamatory if the words tend to injure the plaintiff's reputation, exposing it to public hatred, contempt, ridicule, or financial injury, or if it tends to impeach the person's honesty, integrity, or virtue. Tex. Civ. Prac. & Rem. Code Ann. § 73.001. To qualify as defamatory, a statement should be derogatory, degrading, somewhat shocking, and contain elements of disgrace. *Means v. ABCABCO, Inc.,* 315 S.W.3d 209, 214 (Tex.App.- Austin 2010, no pet.). But a communication that is merely unflattering, abusive, annoying, irksome, or embarrassing, or that only hurts the plaintiff's feelings, is not actionable. *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Services, Inc.*, 441 S.W.3d 345, 355–56 (Tex. App. - Houston [1st Dist.] 2013, pet. denied). Plaintiff is a private individual in the case at bar and therefore Plaintiff must show that Defendants acted with negligence in publishing the defamatory statement that Defendants knew or should have known the statement was false.

Plaintiff's complaint of the false statements includes allegations that Plaintiff stalks women, is suicide[dal], is a cab driver, has seven lawsuits against Plaintiff, and Plaintiff stalked Kristen Indiana Starbucks Arboretum Market. *See Plaintiff's Second Amended Complaint; Paragraph 22*. Plaintiff further alleges that upon information and belief, these statements were read by visitors of the internet, throughout the State of Texas, Greater Austin Metropolitan area, throughout the State of Georgia, the Provenance of Quebec of City of Montreal, and State of Canada.[2] *See Plaintiff's Second Amended Complaint; Paragraph 128.* None of these incomprehensible, non-sensical statements even address HEB.

### b. Count 2: Invasion of Privacy—False Light & Conspiracy

Plaintiff has not pleaded any facts establishing Defendant HEB defamed the plaintiff, published false statements defaming plaintiff or engaged in negligent publication of the same. Plaintiff has failed to plead facts that sufficiently show that the defamation claim is substantively plausible.

Plaintiff pleads Invasion of Privacy pursuant to 42 U.S. Code § 1985(2), which is not related to Plaintiff's factual allegations.[3] There has been no trial or hearing from

---

[2] (SIC) Country*

[3] This statute refers to Conspiracy to interfere with civil rights by obstructing justice; intimidating party, witness or juror occurs when two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property

which Defendant HEB has intimidated any witness to deter them to appear and thus deprived Plaintiff of his day in court.

Plaintiff alleges in his pleading that Defendants acted in conspiracy to deprive him of his day in court. Plaintiff also makes implications, albeit unclear allegations, in his Second Amended Complaint, that Defendants acted together to spread false statements about Plaintiff. Under Texas law, civil conspiracy involves a combination of two or more persons with an unlawful purpose, or with a lawful purpose to be accomplished by unlawful means. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573 (Tex. 2001). Plaintiff has failed to plead facts that sufficiently show that Defendant HEB acted with other Defendants in this case to deprive Plaintiff of his day in court or acted in concert to defame Plaintiff.

## IV.

## CONCLUSION

In the light of the foregoing, Plaintiff's claims against Defendant H-E-B, LP should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. These allegations fall short of the applicable pleading requirements of the Federal Rules, and the Court should dismiss plaintiff's claims under Rule 12(b)(6).

---

for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

Respectfully submitted,

Hawkins Parnell & Young, LLP
2705 Bee Caves Road, Suite 220
Austin, Texas  78746
(512) 687-6909
(512) 687-6990 (Fax)

By: ___*/s/ Ranelle M. Meroney*___
     Ranelle M. Meroney
     Texas Bar No. 14363500
     rmeroney@hpylaw.com

ATTORNEYS FOR DEFENDANT
H-E-B, LP

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February 2021, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the CM/ECF system, which will send notification of such filing to the following:

First Class Mail & CMRRR #7020 0640 0000 9628 3139
Johnny Saturn
johnny.saturn6@gmail.com
701 West 28th Street, Apt. 513A
Austin, Texas 78705
Pro Se Plaintiff

Ruben Rodriguez Sr.
rubenrodriguez@centraltexaslaw.com
4301 West William Canon Drive, Suite B150236
Austin, Texas 78745
"Lawyer Friend for the Plaintiff"

Deborah G. Clark
deborah@clarkandclarklaw.com
CLARK & CLARK
A Division of Clark Legal Services, PLLC
3624 North Hills Drive, Suite 205-A
Austin, Texas 78731