UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHNNY SATURN | § | |
| | § | |
| VS. | § | CASE NO. 1:20-CV-1176LY |
| | § | |
| AUSTIN BERGSTROM | § | |
| INTERNATIONA AIRPORT | § | |
| (A.B.I.A.), ET AL | § | |

**DEFENDANT H-E-B, LP'S ORIGINAL ANSWER & AFFIRMATIVE DEFENSES**

TO THE HONORABLE LEE YEAKEL, UNITED STATES DISTRICT JUDGE:

COMES NOW, H-E-B, LP, Defendant, and improperly sued as HEB ("HEB" herein), in the above-styled and numbered cause, and files this its Answer and Affirmative Defense; and in support thereof would show the following:

**I.**
**Parties**

1. HEB lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2. The allegations of paragraph 2 are not directed to HEB, and therefore no answer is required. To the extent a response is required, HEB is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

**II.**
**Jurisdiction**

3. HEB denies that Subject Matter Jurisdiction is proper in the Western District of Texas. Plaintiff Johnny Saturn, hereinafter "Saturn", alleges diversity jurisdiction in paragraph 3

of his Second Complaint. Plaintiff fails to meet the complete diversity requirement under 28 U.S. Code § 1332(a), as Plaintiff' shares citizenship in Texas with Defendant HEB and Defendants Austin Bergstrom International and The University of Texas, to name a few.

4. HEB admits that it has transacted business in the State of Texas and the Western District of Texas. HEB admits that its website can be accessed in the State of Texas and the Western District of Texas. Plaintiff alleges venue is proper under 28 U.S. Code § 1391(b)(2); stating a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Texas. HEB lacks sufficient information regarding the specific nature of Plaintiff Johnny Saturn's allegations of Defamation, Invasion of Privacy, Conspiracy, False Light, and Libel, which allegedly occurred in the Western District of Texas, and HEB cannot admit or deny if venue is proper, therefore HEB denies venue is proper.

### III.
### General Allegations

5. HEB lacks sufficient information regarding the specific nature of Saturn's allegations of Defamation and Slander in his Second Amended Complaint, and therefore, on this basis, denies that HEB participated in any actionable conduct that Saturn is entitled to any relief therefrom. To the extent any remaining allegations of his Second Amended Complaint are directed at HEB, they are denied. To the extent the allegations of his Second Amended Complaint are directed to other defendants, HEB lacks sufficient information to admit or deny the allegations and therefore denies them.

6. HEB lacks sufficient information regarding the specific nature of Saturn's allegations of Defamation, Invasion of Privacy, Conspiracy, False Light, and Libel, and therefore, on this basis, denies that HEB participated in any actionable conduct and that Saturn is entitled to any relief therefrom. To the extent any remaining allegations of paragraphs 5-120 are directed at HEB, they are denied. To the extent the allegations of paragraph 5-120 are directed to other defendants, HEB lacks sufficient information to admit or deny the allegations and therefore denies them.

### IV.
### Count 1: Defamation—Libel, Libel Per Se, Slander

7. HEB incorporates its answers to paragraphs 1 through 6, as if set forth fully herein.

8. HEB lacks sufficient information regarding the specific nature of Saturn's allegations of Defamation, Libel, Libel Per Se, and Slander and therefore, on this basis, denies that HEB participated in any actionable conduct and that Saturn is entitled to any relief therefrom. To the extent any remaining allegations of paragraphs 121-130 are directed at HEB, they are denied. To the extent the allegations of paragraph 121-130 are directed to other defendants, HEB lacks sufficient information to admit or deny the allegations and therefore denies them.

### V.
### Count 2: Invasion of Privacy—False Light & Conspiracy

9. HEB incorporates its answers to paragraphs 1 through 9 as if set forth fully herein.

10. HEB lacks sufficient information regarding the specific nature of Saturn's allegations of Invasion of Privacy, Conspiracy, and False Light, and therefore, on this basis, denies that HEB participated in any actionable conduct and that Saturn is entitled to any relief

therefrom. To the extent any remaining allegations of paragraphs 131-138 are directed at HEB, they are denied. To the extent the allegations of paragraph 131-138 are directed to other defendants, HEB lacks sufficient information to admit or deny the allegations and therefore denies them.

## VI.
## Prayer for Relief

11. HEB incorporates its answers to paragraphs 1 through 10 as if set forth fully herein.

12. HEB denies that Saturn is entitled to any of the requested relief and denies any allegations in paragraphs 139 of its prayer for relief.

## VII.
## Defenses

13. HEB alleges and asserts the following defenses. In addition to the defenses described below and subject to the responses above, HEB specifically reserves all rights to allege affirmative defenses that become known through the course of this litigation.

14. Saturn's Complaint lacks subject-matter jurisdiction over the claims because Saturn shares Texas citizenship with HEB and also Austin Bergstrom Airport and The University of Texas, thereby failing to meet complete diversity under 28 U.S. Code § 1332(a).

15. Saturn's Complaint fails to state a claim upon which relief can be granted in that it fails to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly* 550 U.S. 544 (2007), as argued in H-E-B, LP's 12(b)(6) Motion to Dismiss. *See* Dkt. 10.

16. To the extent that any of Plaintiff's complaint could possibly be directed at HEB, any allegations against HEB are barred by limitations.

## VIII.
## Conclusion

WHEREFORE, premises considered, Defendant H-E-B, LP, improperly sued as HEB, requests that upon final trial that Plaintiff takes nothing by way of his suit, and such other and further relief, at law or in equity, which Defendant is justly entitled to receive.

Respectfully submitted,

Hawkins Parnell & Young, LLP
2705 Bee Caves Road, Suite 220
Austin, Texas  78746
(512) 687-6909
(512) 687-6990 (Fax)

By: */s/ Ranelle M. Meroney*
   Ranelle M. Meroney
   Texas Bar No. 14363500
   rmeroney@hpylaw.com

ATTORNEYS FOR DEFENDANT
H-E-B, LP

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February 2021, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the CM/ECF system, which will send notification of such filing to the following:

Johnny Saturn
johnny.saturn6@gmail.com
701 West 28th Street, Apt. 513A
Austin, Texas 78705
Pro Se Plaintiff

Ruben Rodriguez Sr.
rubenrodriguez@centraltexaslaw.com
4301 West William Canon Drive, Suite B150236
Austin, Texas 78745
"Lawyer Friend for the Plaintiff"

Deborah G. Clark
deborah@clarkandclarklaw.com
CLARK & CLARK
3624 North Hills Drive, Suite 205-A
Austin, Texas 78731
Attorneys for Defendant Target

Janice L. Ta
JTa@perkinscoie.com
PERKINS COIE LLP
500 West Second Street, Suite 1900
Austin, Texas 78701
Attorneys for Defendant Intel Corporation