IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHNNY SATURN | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | No. 1:2020CV01176 |
| AUSTIN BERGSTROM | § | |
| INTERNATIONAL AIRPORT | § | |
| (A.B.I.A.), ET AL. | § | |
| Defendants. | § | |

**DEFENDANT AMERICAN AIRLINES COMPANY'S**
**RULE 12(B) MOTION TO DISMISS**

TO THE HONORABLE LEE YEAKEL UNITED STATES DISTRICT JUDGE:

COMES NOW, American Airlines, Inc. ("American"), Defendant in the above-styled and numbered cause, and moves this court to dismiss the Plaintiff Johnny Saturn's ("Plaintiff") Second Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**I.**

**Summary of Argument**

Plaintiff's Second Amended Complaint should be dismissed as this court lacks subject-matter jurisdiction over the complaint. Plaintiff a resident and citizen of Texas, has sued multiple defendants that are also citizens of Texas, including American, Austin Bergstrom International Airport, Dallas Fort Worth Airport, H-E-B, and many others. As there is not complete diversity of the parties, the court lacks jurisdiction over the case and it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Furthermore, Plaintiff's Second Amended Complaint should be dismissed as it fails to state a claim for which relief may be granted. American is referenced in paragraph 12 of the Second Amended Complaint solely as a locational reference to other events. There

1

are no further references to American, no allegations of any actions taken by American which caused legal harm to the Plaintiff, nor any allegations of damage caused to the Plaintiff by American. The Complaint refers to claims of Defamation, Invasion of Privacy, Conspiracy, False Light, and Libel, but again, merely recites these claims with no factual support and no connection with any conduct, act or omission allegedly committed by American. These allegations fall far short of the applicable pleading requirements of the Federal Rules, and the Court should dismiss Plaintiff's claims under Rule 12(b)(6).

## II.
## Argument and Authorities

a. **Plaintiff's case must be dismissed as it fails to establish jurisdiction due to the lack of complete diversity of the parties.**

Plaintiff's Second Amended Complaint states that the court has jurisdiction over the matter under 28 U.S.C. § 1332 as there is diversity of the parties and the amount in controversy exceeds $75,000.00. Dkt. 3, ¶ 3. According to 28 U.S.C. § 1332(a), the district courts have original jurisdiction over civil action controversies that exceed $75,000 in value and are between citizens of different states. This requirement has been interpreted to mean complete diversity of the parties so no plaintiff can be a citizen of the same state as any defendant. *MacGinnitie v. Hobbs Grp.,* 420 F.3d 1234, 1239 (11th Cir. 2005). A natural person is a citizen of the state in which they are domiciled, more specifically stated, where they reside and intend to continue residing indefinitely. *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014). A corporation resides where it is incorporated and where it has its principal place of business. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013). The Plaintiff shares citizenship with multiple defendants in this case, including American, so diversity under 28 U.S.C. § 1332 fails.

The Plaintiff's Second Amended Complaint asserts that the Plaintiff is an individual residing in the Greater Austin Metropolitan Area located in the State of Texas. Dkt. 3, ¶ 1. By Plaintiff's own admission he is a citizen of the State of Texas. American is incorporated in Delaware but headquartered in Fort Worth, Texas. As a corporation is a citizen of where it is incorporated and where it maintains its principal place of business, American is a citizen of Delaware and Texas. There are additional Defendants who are also citizens of the State of Texas, including H-E-B, which is both incorporated and headquartered in Texas. As there is not complete diversity of citizenship between the Plaintiff and the defendants in this case, there is no subject matter jurisdiction over this claim in the federal district courts and the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**b.     Plaintiff's claims must be dismissed as he fails to state a claim for which relief can be granted.**

        i.     Requirements for Pleading Pursuant to Rule 8(a)

Rule 12(b)(6) allows dismissal of a plaintiff's claim where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff has failed to meet this standard and his claim must be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

(citing *Twombly*, 550 U.S. at 556). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint **must be dismissed**." *Twombly*, 550 U.S. at 570 (emphasis added).

Plaintiff violated Rule 8(a) by employing "group pleading," by failing to make necessary distinctions among defendants, and by failing to include sufficient factual matter that American participated in any actionable conduct or in any conduct at all. There is no fair notice to American of the alleged claim or grounds for which it rests.

   ii. The Plaintiff fails to properly plead a cause of action under Fed. R. Civ. P. 8(a)

Plaintiff alleges in Count 1 that Defendants made "false statements" of Plaintiff to defame him, pursuant to 28 U.S. Code § 4101 (1).[1] To prove a successful defamation claim, the plaintiff must show the following: (1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the statement's truth; and (4) damages, unless the statement constitutes defamation per se. *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017). Plaintiff has not pled any facts establishing American defamed Plaintiff, published false statements defaming Plaintiff or that those false statements damaged Plaintiff. Plaintiff has failed to plead facts that sufficiently show that the defamation claim is substantively plausible.

---

[1] Chapter 181 is related to Foreign Judgements; therefore, Plaintiff has not provided Defendants the appropriate statute to support his complaint.

In Count 2, Plaintiff pleads Invasion of Privacy pursuant to 42 U.S. Code § 1985(2), which is not related to Plaintiff's factual allegations.[2] There has been no trial or hearing from which Defendants, specifically American, have intimidated any witness to deter appearance for, thereby depriving Plaintiff of his day in court. Plaintiff also makes implications, albeit unclear allegations, in his Second Amended Complaint, that Defendants acted together to spread false statements of Plaintiff. However, as to American, he has only referenced American in order to locate a different defendant. Dkt. 3, ¶ 12. Plaintiff has failed to plead facts that sufficiently show that American acted with other Defendants in this case to deprive Plaintiff of his day in court or acted in concert to defame Plaintiff. Due to Plaintiff's failure to state a claim upon which relief can be granted, this case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## III.

## CONCLUSION

In the light of the foregoing, Plaintiff's claims against American should be dismissed due to the lack of subject matter jurisdiction under Rule 12(b)(1). Plaintiff's claims should also be dismissed under Rule 12(b)(6) for failure to state a claim upon

---

[2] This statute refers to Conspiracy to interfere with civil rights by obstructing justice; intimidating party, witness or juror occurs when two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

which relief can be granted. These allegations fall short of the applicable pleading requirements of the Federal Rules, and the Court should dismiss Plaintiff's claims under Rule 12(b)(1) and 12(b)(6).

    Respectfully submitted,

    JACKSON WALKER L.L.P.

    By: */s/ Christopher R. Mugica*
        Christopher R. Mugica
        State Bar No. 24027554
        cmugica@jw.com
        Abigail L. Griffith
        State Bar No. 24113585
        agriffith@jw.com

        100 Congress, Suite 1100
        Austin, Texas 78701
        (512) 236-2000
        (512) 236-2002 - Fax

    ATTORNEYS FOR DEFENDANT
    AMERICAN AIRLINES COMPANY

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May 2021, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| First Class Mail & CMRRR<br>Johnny Saturn<br>701 West 28th Street, Apt. 513A<br>Austin, Texas 78705<br>Phone: (512) 506-0695<br>Email: johnny.saturn6@gmail.com<br>PLAINTIFF PRO SE | Ruben Rodriguez Sr.<br>4301 West William Canon Drive, Suite B150236<br>Austin, Texas 78745<br>Phone: (512) 707-7190<br>Email: rubenrodriguez@centraltexaslaw.com<br>"LAWYER FRIEND FOR THE PLAINTIFF" |
| Ranelle M. Meroney<br>Hawkins Parnell & Youn LLP<br>2705 Bee Caves Road, Suite 220<br>Austin, Texas 78746<br>Phone: (512) 687-6900<br>Email: rmeroney@hpylaw.com<br>ATTORNEY FOR DEFENDANT HEB | Janice L. Ta<br>Perkins Coie LLP<br>500 W 2nd Street, Suite 1900<br>Austin, Texas 78701<br>Phone: (737) 256-6125<br>Email: jta@perkinscoie.com<br>ATTORNEY FOR DEFENDANT INTEL, CORP. |
| Michael D. Matthews<br>McDowell Hetherington LLP<br>1001 Fannin, Suite 2700<br>Houston, TX 77002<br>Phone: (713) 337-8879<br>Email: matt.matthews@mhllp.com<br>ATTORNEY FOR DEFENDANT BAE SYSTEMS | Deborah G. Clark<br>Clark & Clark<br>3624 North Hills Drive, Suite 205A<br>Austin, Texas 78731<br>Phone: (5120 241-1800<br>Email: deborah@clarkandclarklaw.com<br>ATTORNEY FOR DEFENDANT TARGET |

        */s/Christopher R. Mugica*
        *Christopher R. Mugica*