**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHNNY SATURN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DESSAU HEALTHCARE, INC. DBA** | § | |
| **LEGEND OAKS HEALTHCARE AND** | § | **Civil Action No. 1:2020CV01176** |
| **REHABILITATION – NORTH AUSTIN,** | § | |
| **et al,** | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

---

**DEFENDANT DESSAU HEALTHCARE, INC. DBA LEGEND OAKS HEALTHCARE
AND REHABILITATION – NORTH AUSTIN RULE 12(B) MOTION TO DISMISS**

---

TO THE HONORABLE LEE YEAKEL UNITED STATES DISTRICT JUDGE:

COMES NOW, Dessau Healthcare, Inc. dba Legend Oaks Healthcare and Rehabilitation – North Austin ("Legend Oaks"), Defendant in matter, and moves this court to dismiss the Plaintiff Johnny Saturn's ("Plaintiff") Second Amended Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**I.**
**Summary of Argument**

Plaintiff's Second Amended Complaint should be dismissed because the Court lacks subject-matter jurisdiction over the Complaint.  In order to have subject-matter jurisdiction over a law suit based on diversity, complete diversity of the parties must exist.  Defendant Legend Oaks and Plaintiff are both citizens of Texas; therefore, diversity of the parties is lacking.  Accordingly, this Court lacks jurisdiction over the case and should dismiss it in accordance with Fed. R. Civ. P. 12(b)(1).

Furthermore, the Court should dismiss Plaintiff's Second Amended Complaint since it fails to state a claim for which relief may be granted. Legend Oaks is not listed by name in the Complaint.  It is only referenced as a nursing home in paragraphs 90, 97, and 120 of the Second Amended Complaint. The Second Amended Complaint wholly lacks any specific references to Legend Oaks, contains no allegations of any actions taken by Legend Oaks which caused legal harm to the Plaintiff, nor any allegations of damage caused to the Plaintiff by Legend Oaks. The Complaint refers to a claim of negligence relating to Plaintiff's deceased mother, but again, merely recites this claim with no factual support and no connection with any conduct, act or omission allegedly committed by Legend Oaks.  These allegations fall far short of the applicable pleading requirements of the Federal Rules, and the Court should dismiss Plaintiff's claims under Rule 12(b)(6).

Finally, no indication exists that Mr. Saturn has the capacity to sue on behalf of his deceased mother.  For these reasons, described in greater detail below, the claims of Plaintiff against Legend Oaks should be dismissed.

## II.
## ARGUMENT AND AUTHORITIES

**a.**   **THE COURT MUST DISMISS PLAINTIFF'S CASE FOR ITS FAILURE TO ESTABLISH JURISDICTION OWING TO THE LACK OF COMPLETE DIVERSITY OF THE PARTIES.**

Plaintiff's Second Amended Complaint states that the Court has jurisdiction over the matter under 28 U.S.C. § 1332 based on diversity of the parties and the amount in controversy exceeding $75,000.00. Dkt. 3, ¶ 3.  According to 28 U.S.C. § 1332(a), the district courts have original jurisdiction over civil action controversies that exceed $75,000 in value and are between citizens of different states. This requirement has been interpreted to mean complete diversity of the parties so no plaintiff can be a citizen of the same state as any defendant. *See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005); Vaillancourt v. PNC Bank, Nat'l Ass'n,*

*771 F.3d 843, 847 (5th Cir. 2014).* A natural person is a citizen of the state in which they are domiciled, more specifically stated, where they reside and intend to continue residing indefinitely. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc., 485 F.3d 793, 797 (5th Cir. 2007).* A corporation resides where it is incorporated and where it has its principal place of business. *Hertz Corp. v. Friend, 559 U.S. 77, 88, 130 S. Ct. 1181, 1190, 175 L. Ed. 2d 1029 (2010).* "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* The Plaintiff shares citizenship with multiple defendants in this case, including Legend Oaks, so diversity under 28 U.S.C. § 1332 fails.

The Plaintiff's Second Amended Complaint asserts that the Plaintiff is an individual residing in the Greater Austin Metropolitan Area located in the State of Texas. Dkt. 3, ¶ 1. By Plaintiff's own admission he is a citizen of the State of Texas. Legend Oaks is incorporated in Nevada, but its principal place of business is the facility itself, located at 11020 Dessau Rd., Austin, Texas 78754.[1] Since a corporation is a citizen of where it is incorporated and where it maintains its principal place of business, Legend Oaks is a citizen of Nevada and Texas. Because there is not complete diversity of citizenship between the Plaintiff and the defendants in this case, there is no subject matter jurisdiction over this claim in the federal district courts and the case should be dismissed under Fed. R. Civ. P. 12(b)(1).

**b.     PLAINTIFF'S CLAIMS MUST BE DISMISSED AS HE FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

Rule 12(b)(6) allows dismissal of a plaintiff's claim where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

---

[1] *See* Exhibit A, Declaration of Quintero, at ¶3.

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff has failed to meet this standard and his claim must be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do', nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement'. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Plaintiff violated Rule 8(a) by employing "group pleading," by failing to make necessary distinctions among defendants, and by failing to include sufficient factual matter that Legend Oaks participated in any actionable conduct or in any conduct at all. The complaint fails to provider Legend Oaks with  fair notice of the alleged claim or grounds for which it rests.

Plaintiff mentions "nursing homes" three separate times in his Complaints.  In paragraph 90, he states:

> . . . It's been suspected that "USCIS agents had conspired on the plaintiff Saturn U.S. Citizen deceased mother while she was staying in two different hospitals in Austin Tx. and in three different nursing homes in Austin, Tx. . .

He then claims in paragraph 97, that:

> . . . The two hospitals and the three nursing homes involved in the care and custody of [R.S.] are suspect in negligence, false claim, antiorigin malpractice and in the recommendation to refusing the deceased U.S.  Citizen patient [R.S.] who was in need to getting hospitalized for longer duration of time at Deli Seton Medical Center at The University of Texas. . .

Lastly, he alleges in paragraph 120:

> All three nursing homes have been suspected in negligence and antiorigin treatments.

Dkt. 3, ¶¶ 90, 97, 120.  In order to state a claim for negligence, plaintiff must allege the existence of a legal duty that was owed to another, a breach of that duty, and injury proximately resulting from the breach.  *McDorman ex rel. Connelly v. Tex.-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 804 (N.D. Tex. 2003).  Here, Plaintiff has not plead sufficient facts in order to state a claim for negligence.  As such, Plaintiff's claims against Legend Oaks should be dismissed.

### c.   PLAINTIFF DOES NOT ESTABLISH HIS CAPACITY TO SUE ON BEHALF OF HIS DECEASED MOTHER

Plaintiff was not and never has been a resident of Legend Oaks.[2]  His mother, R.S., was a resident at the facility from April 27, 2020 – May 2, 2020.[3]  Plaintiff's Complaint states that his mother is now deceased, but it does not state that he has the capacity to sue on her behalf.

A plaintiff must have both standing and capacity to bring a lawsuit.  *Martone v. Livingston*, 4:13-CV-3369, 2015 WL 9259089, at *2 (S.D. Tex. Dec. 18, 2015); *Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist.,* 46 S.W.3d 880, 884 (Tex.2001).  The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome, whereas the issue of capacity "is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate."  Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005) *see Martone*, 2015 WL 9259089, at *2.

Certain individuals are afforded the capacity to bring a claim on an estate's behalf. In general, only the estate's personal representative has the capacity to bring a survival claim.  *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex.1971) ("[T]he personal representative ... is ordinarily the only person entitled to sue for the recovery of property belonging to the estate."); see also *Shepherd v.*

---

[2] *Id.,* at ¶5.
[3] *Id,* at ¶6.

*Ledford*, 962 S.W.2d 28, 31 (Tex.1998).  However, under certain circumstances heirs may be entitled to sue on behalf of the decedent's estate.  *Shepherd*, 962 S.W.2d at 31–32. For example, in *Shepherd*, the Texas Supreme Court held that "[h]eirs at law can maintain a survival suit during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none [is] necessary." *Id.*

Here, Plaintiff has not established that he has the capacity to sue on behalf of his deceased mother.  Accordingly, Plaintiff's claim against Legend Oaks must be dismissed as a matter of law.

### III.
### CONCLUSION

In light of the foregoing, Plaintiff's claims against Legend Oaks should be dismissed owing to the lack of subject matter jurisdiction under Rule 12(b)(1). Plaintiff's claims should also be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. These allegations fall short of the applicable pleading requirements of the Federal Rules, and the Court should dismiss Plaintiff's claims under  Rule 12(b)(1) and 12(b)(6).

Respectfully Submitted,

_____

JON A. VAN STEENIS
Texas Bar No. 24100468
jvansteenis@glllaw.com
BRENDAN P. DOHERTY
Texas Bar No.24075923
bdoherty@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
5151 San Felipe, Suite 750
Houston, Texas  77056
Telephone:  (832) 255-6000
Facsimile:  (832) 255-6001
ATTORNEYS FOR DEFENDANT DESSAU
HEALTHCARE, INC. DBA LEGEND OAKS
HEALTHCARE AND REHABILITATION –
NORTH AUSTIN

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May 2021, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the CM/ECF system, which will send notification of such filing to the following:

First Class Mail & CMRRR
Johnny Saturn
701 West 28th Street, Apt. 513A
Austin, Texas 78705
Phone: (512) 506-0695
Email: johnny.saturn6@gmail.com
PLAINTIFF PRO SE

Ruben Rodriguez Sr.
4301 West William Canon Drive, Suite B150236
Austin, Texas 78745
Phone: (512) 707-7190
Email: rubenrodriguez@centraltexaslaw.com
LAWYER FRIEND FOR THE PLAINTIFF

Ranelle M. Meroney
Hawkins Parnell & Young LLP
2705 Bee Caves Road, Suite 220
Austin, Texas 78746
Phone: (512) 687-6900
Email: rmeroney@hpylaw.com
ATTORNEY FOR DEFENDANT HEB

Janice L. Ta
Perkins Coie LLP
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Phone: (737) 256-6125
Email: jta@perkinscoie.com
ATTORNEY FOR DEFENDANT INTEL, CORP.

Michael D. Matthews
McDowell Hetherington LLP
1001 Fannin, Suite 2700
Houston, TX 77002
Phone: (713) 337-8879
Email: matt.matthews@mhllp.com
ATTORNEY FOR DEFENDANT BAE SYSTEMS

Deborah G. Clark
Clark & Clark
3624 North Hills Drive, Suite 205A
Austin, Texas 78731
Phone: (5120 241-1800
Email: deborah@clarkandclarklaw.com
ATTORNEY FOR DEFENDANT TARGET

Christopher R. Mugica
Abigail L. Griffith
Jackson Walker L.L.P.
100 Congress, Suite 1100
Austin, Texas 78701
Email: cmugica@jw.com
Email: agriffith@jw.com
ATTORNEYS FOR AMERICAN AIRLINES COMPANY

_____
JON A. VAN STEENIS